FILED

09/16/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0268

## SYNOPSIS OF THE CASE

**2020 MT 237: DA-18-0268, STATE OF MONTANA**, Plaintiff and Appellee, v. **CHRIS ARTHUR CHRISTENSEN**, Defendant and Appellant.[1]

In November 2017 Chris Arthur Christensen, a licensed medical doctor, was convicted of two counts of negligent homicide as well as several felony offenses including criminal endangerment, and criminal distribution of dangerous drugs.

The Montana Supreme Court in a split decision has reversed the negligent homicide convictions but upheld the convictions on nine counts of criminal endangerment and eleven counts of criminal distribution of dangerous drugs.

Christensen was convicted following a weeks-long jury trial in Ravalli County. All the crimes were related to the repeated prescribing of overwhelming amounts of opiates and numerous other narcotics to eleven individuals between July 2011 and April 2014. Two of his patients, Greg Griffin and Kara Philbrick, died from drug overdoses in 2012 and 2013.

In 2018 Christensen was sentenced to 20 years in prison with ten years suspended.

The majority of the Supreme Court (four members) determined that the State did not present sufficient evidence to establish that Christensen's actions in prescribing narcotics was the cause in fact of the deaths of Mr. Griffin and Ms. Philbrick.

In a separate dissenting opinion, three of the Justices contend there was sufficient evidence to allow the jury to determine that Christensen's actions were the direct cause of the two drug overdose deaths. They would have upheld the convictions on all counts.

The majority also determined that although Christensen was a licensed physician, his prescribing of an obscene number of narcotics was more in line with that of a drug dealer than a law-abiding physician. The majority ruled that the Montana law that provides an exemption for medical practitioners acting within the course of a professional practice did not apply to the facts of this case, holding that Christensen was operating outside the bounds of a professional medical practice. Five of the seven Justices voted to affirm the convictions of criminal distribution of dangerous drugs.

The Court also held that the high rate of Christensen's prescriptions for opiates and benzodiazepines, along with numerous other drugs, created a situation that a rational jury could conclude that Christensen was aware of the high probability that he created a

---

[1] The Court prepared this synopsis for the reader's convenience. It constitutes no part of the Opinion of the Court and may not be cited as precedent.

substantial risk of death or serious bodily injury to nine of his patients. As such, five Justices voted to uphold the convictions of felony criminal endangerment.

In a separate dissenting opinion two of the Justices disagreed that Christensen's drug prescription practices could be used as a basis to file criminal charges; rather, they contend Montana's criminal laws were not designed nor intended to allow the prosecution of duly licensed physicians writing ill-advised medical prescriptions to patients. They contend that these proceedings should have been conducted in a civil action occasioned by the filing of a medical malpractice case. They would have reversed the convictions on all counts.